## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NEW PRIME INC., a Nebraska Corporation, and PRIME FLORAL, LLC And THE PRESERVE GOLF CLUB, LLC and PALACE CASINO RESORT, LLC<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY, a New York Corporation<br>**Serve at:　Lauren Seeger<br>　　　　　200 Vesey Street<br>　　　　　New York, NY 10285**<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Case Number_____ |

## COMPLAINT

**COME NOW** New Prime Inc. a Nebraska corporation; Prime Floral, LLC, a Missouri limited liability company; The Preserve Golf Club, LLC, a Mississippi limited liability company; and Palace Casino Resort, LLC, a Mississippi limited liability company, (hereinafter collectively referred to as "PRIME"), by and through their attorneys of record, Justin A. Collins and Stuart H. King, and for their cause of action against defendant American Express Company, a New York corporation, (hereinafter, "AMEX"), state to the Court as follows:

## GENERAL ALLEGATIONS

1.　This complaint arises from AMEX's unlawful practice of assessing upon merchants, PRIME included, artificially high discount rates, with discount rates being the direct result of AMEX'S unreasonable restraint of competition.

1

2.  PRIME brings this action under the laws of the state of Missouri and under the antitrust laws of the United States, including Section 1 of the Sherman Act, 15 U.S.C. §1.

## JURISDICTION AND VENUE

3.  The claims filed herein arise under Section 1 of the Sherman Act, 15 U.S.C. §1.

4.  The Court has subject matter jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1337(a).

5.  This Court has personal jurisdiction over AMEX and venue is proper in this District under 15 U.S.C. §22, because AMEX regularly, concertedly, and substantially transacted business and/or was found within this district at the time of the alleged wrongdoing.

6.  Venue in this District is proper pursuant to 28 U.S.C. §1391(b) and §1391(c), as Defendant regularly conducted business, can be found, and transacted with PRIME and other comparably situated merchants in this District.

## PARTIES

7.  New Prime, Inc. is a Nebraska corporation, with its principal place of business is located at 2740 North Mayfair, Springfield, Greene County, Missouri.

8.  Each other Plaintiff is a subsidiary of New Prime, Inc.

9.  PRIME, collectively, are for-profit, business merchants.

10. PRIME, collectively, undertake merchant functions that are reliant upon general purpose credit and charge card networks, including AMEX.

2

11.     AMEX is a New York corporation with its principal place of business in New York, New York, and is in the business of providing general purpose credit and charge card network services in the territorial United States.

## DEFENDANT'S ANTICOMPETITIVE AGREEMENTS

12.     PRIME'S merchant-based relationship with AMEX is direct, continuous, and frequent, according to the following structural arrangement:

13.     PRIME processes daily AMEX credit and charge card transactions for PRIME's services and goods.

14.     For every such transaction, PRIME is charged by, and pays to, AMEX a merchant discount fee as set forth in AMEX's standard card acceptance agreement.

15.     The merchant discount fee charged by AMEX often exceeds the fee charged by AMEX's competitors for substantially similar services.

16.     Also included within AMEX's standard card acceptance agreements are AMEX's "Non-Discrimination Provisions."

17.     Included within AMEX's "Non-Discrimination Provisions" is AMEX's provision that PRIME may not "indicate or imply that [it] prefer[s], directly or indirectly, any Other Payment Products over [AMEX's] Card."

18.     Included within AMEX's "Non-Discrimination Provisions" is AMEX's provision that PRIME may not "try to dissuade Cardmembers from using the Card."

19.     Included within AMEX's "Non-Discrimination Provisions" is AMEX's provision that PRIME may not "criticize … the Card or any of our services or programs."

3

20.     Included within AMEX's "Non-Discrimination Provisions" is AMEX's provision that PRIME may not "try to persuade or prompt Card members to use any Other Payment Products or any other method of payment (e.g., payment by check)."

21.     Included within AMEX's "Non-Discrimination Provisions" is AMEX's provision that PRIME may not "promote any Other Payment Products (except [the merchant's] own private label card that [it] issue[s] for use solely at [the merchant's] Establishments) more actively than [it] promote[s] our Card."

22.     The above "Non-Discriminatory Provisions" operated to block PRIME from encouraging its customers to use any credit or charge card other than AMEX's card, even where that card was less expensive for PRIME to accept.

23.     The resulting merchant discount fees, as prescribed contractually by AMEX to PRIME during the years 2007-2015, were in excess of those charged by AMEX's competitors and bore no relationship to the true costs to AMEX with respect to the subject transactions.

24.     AMEX's Standard Card Acceptance Agreement – and the Non-Discriminatory Provisions contained therein - constituted a combination or some form of concerted action that unreasonably restrained trade.

25.     PRIME lacked any ability to negotiate AMEX's Standard Card Acceptance Agreement – and the Non-Discriminatory Provisions contained therein.

26.     AMEX is the second largest general purpose credit and charge card network in the territorial United States when measured by charge volume.

27.     The general purpose credit and charge card network has been and remains highly concentrated and constrained by high barriers to entry, consisting of only four (4) major suppliers.

4

28.     Based upon its position in the market, AMEX has the ability to, and has caused, actual harm to competition in the general purpose credit and charge card network.

29.     AMEX's merchant restraints have severed the essential link between the price and sales of network services by denying merchants, including PRIME, the opportunity to influence their customers' payment decisions.

30.     Because of the Non-Discrimination Provisions, merchants, including PRIME, lacked any meaningful means of controlling their consumption of network services in response to AMEX's inflated merchant discount fees.

31.     AMEX's Standard Card Acceptance Agreement has impaired the competitive process in the network services market, rendering low-price business models untenable, stunting innovation, and resulting in higher prices from merchants, including PRIME.

32.     On February 19, 2015, AMEX was adjudged by the United States District Court for the Eastern District of New York to have engaged in anticompetitive conduct in direct violation of Section 1 of the Sherman Antitrust Act.

33.     AMEX has intentionally and substantially suppressed competition by use of its illegal and adhesion Standard Card Acceptance Agreements and Non-Discrimination Provisions and has materially constrained marketplace competition.

### FIRST CAUSE OF ACTION
**(Violation of Section 1 of the Sherman Act, 15 U.S.C. §1 et seq.)**

34.     PRIME incorporates herein by reference paragraphs 1 through 33.

35.     To the extent that a relevant market needs to be identified, the relevant market is general purpose credit and charge card networking services in the territorial United States.

36.     AMEX has entered into market constraining agreements that artificially and unduly restrain competition in the market for general purpose credit and charge card

5

network services to merchants, PRIME included.

37.     AMEX' market-constraining agreements had identifiable and
substantial anti-competitive effects.

38.     AMEX directly harmed PRIME by directly causing an increased and inflated
merchant's discount rate to be assessed upon PRIME.

39.     AMEX's anticompetitive conduct offers no commercially redeeming
justifications.

**WHEREFORE**, PRIME requests judgment for treble its actual damages in a fair
and reasonable amount to be determined at trial, for its costs and attorney fees incurred
herein and for such other relief as the Court deems just.

## SECOND CAUSE OF ACTION
### (Fraud)

40.     PRIME restates and incorporates herein by reference paragraphs 1 through 39
above.

41.     AMEX, through its actions, misrepresented to PRIME the effective merchant
discount rate that would be assessed to PRIME.

42.     AMEX knew that its published merchant discount rate was represented to PRIME
as a standard and fair rate, reasonably reflecting AMEX's cost to provide general purpose credit
and charge card networking services.

43.     Said misrepresentations were material.

44.     AMEX misrepresented the effective merchant's discount rate with the intention
that merchants like PRIME would be induced to assent to such a fee structure for the
networking services provided.

6

45. PRIME reasonably relied upon the misrepresentations of AMEX and was justified in relying upon the same.

46. As a result of AMEX's acts, PRIME suffered damages in an undetermined amount equal to the excessive and inflated merchant's discount rate paid by PRIME during the years 2007-2015.

47. AMEX's acts were willful and intentional and/or in reckless disregard of the rights of PRIME and entitle PRIME to punitive damages in an amount sufficient to deter AMEX and others from repeating such harmful conduct in the future.

**WHEREFORE**, PRIME requests judgment, in an amount to be determined at trial, for those actual damages, for punitive damages in an amount sufficient to deter AMEX and others from repeating such harmful conduct in the future, for its costs incurred herein and for such other relief as the Court deems just.

<u>**THIRD CAUSE OF ACTION**</u>
**(Breach of Implied Covenant of**
**Good Faith and Fair Dealing)**

48. The allegations set forth in paragraphs 1 through 47 above are incorporated herein.

49. AMEX, by and through its acts as set forth herein, intentionally drove up the merchant's discount rate to artificially elevated levels in an effort to exact greater profit margin for its general purpose credit and charge card network services.

50. AMEX did, therefore, breach an implied covenant of good faith and fair dealing with merchant PRIME by artificially elevating merchant discount rates.

51. As a direct and proximate result, PRIME was harmed by such a breach to an extent that is readily calculable and which entitles it to legal relief.

7

**WHEREFORE**, PRIME requests judgment, in an amount to be determined at trial, for those actual damages, for its costs incurred herein and for such other relief as the Court deems just.

### FOURTH CAUSE OF ACTION
**(Unjust Enrichment)**

52.     The allegations set forth in paragraphs 1 through 51 above are incorporated herein

53.     PRIME's payments of enhanced merchant discount rates provided to AMEX a financial windfall at PRIME's expense.

54.     AMEX had direct knowledge of such enhanced merchant discount rates, along with the increased revenue and profits that such rates brought to AMEX.

55.     AMEX made no effort to notify PRIME of the overpayment of merchant discount rates, nor did it surrender the same to PRIME, thereby unjustly enriching AMEX.

**WHEREFORE**, PRIME requests judgment, in an amount to be determined at trial, for those actual damages, for its costs incurred herein, and for such other relief as the Court deems just.

### JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, PRIME demands a trial by jury of all claims asserted in this Complaint.

PRIME

By: /s/ Justin A. Collins
Justin A. Collins
Missouri Bar Number 65388
2740 North Mayfair
Post Office Box 4208
Springfield, Missouri 65808-4208
Telephone: (417) 521-3162

8

Facsimile: (417) 521-5723
E-mail: JCollins@primeinc.com


HOSMER KING & ROYCE, LLC

By: /s/ Stuart H. King
Stuart H. King
Missouri Bar Number 39410
313 South Glenstone Avenue
Springfield, Missouri 65802
Telephone: (417) 869-9999
Facsimile: (417) 869-9999
E-mail: stuart.king@hkrlawoffice.com

9